# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SWVA, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 16-0569**  (BOR Appeal No. 2051020)
(Claim No. 2004023632)

**ANTHONY B. NAPIER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner SWVA, Inc., by Steven Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

The issues presented in the instant appeal are the authorization of additional office visits with Robert Lowe, M.D., and the authorization of a referral to Cabell Huntington Hospital's neurology department. On April 15, 2015, the claims administrator denied a request for authorization of a referral to Cabell Huntington Hospital's neurology department. Additionally, on June 10, 2015, the claims administrator denied a request for authorization of office visits with Dr. Lowe which occurred on November 18, 2014; December 2, 2014; December 18, 2014; January 6, 2015; January 20, 2015; February 3, 2015; February 26, 2015; and April 11, 2015. In its Order dated December 11, 2015, the Office of Judges modified the claims administrator's April 15, 2015, decision denying a request for authorization for treatment with Cabell Huntington Hospital's neurology department, and the Office of Judges authorized a one-time consultation with Cabell Huntington Hospital's neurology department. Additionally, the Office of Judges reversed the claims administrator's June 10, 2015, decision denying a request for authorization for office visits with Dr. Lowe, and the Office of Judges authorized the office visits in question. [1] This appeal arises from the Board of Review's Final Order dated May 20, 2016, in which the Board affirmed the December 11, 2015, Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

---

[1] The Office of Judges also affirmed a March 27, 2015, claims administrator's decision denying a request for authorization of a pain management referral. However, the affirmation of the claims administrator's March 27, 2015, decision was not appealed to this Court.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Napier injured his lower back on November 12, 2003, when he slipped on a hydraulic fluid spill during the course of his employment with SWVA, Inc.[2] Following the injury, Mr. Napier sought treatment with Robert Lowe, M.D., who performed an L5-S1 discectomy shortly after the injury. Dr. Lowe continued to treat Mr. Napier for ongoing and increasing radiating lower back pain following the discectomy.

On November 3, 2010, Christopher Martin, M.D., performed an independent medical evaluation. Dr. Martin diagnosed Mr. Napier with an L5-S1 disc herniation, which was treated with a discectomy, and S1 radiculopathy. He also noted that Mr. Napier's medical records include a documented diagnosis of reflex sympathetic dystrophy.[3] Dr. Martin opined that Mr. Napier has reached maximum medical improvement with respect to the lower back injury and associated radiculopathy. Jerry Scott, M.D., performed an independent medical evaluation on January 13, 2014. Dr. Scott noted that Mr. Napier's medical record indicates that Mr. Napier's condition initially improved following the L5-S1 discectomy, but he has since experienced increasing pain in the left lower and left upper extremities. He also diagnosed Mr. Napier with left-sided radiculopathy and acknowledged the compensability of reflex sympathetic dystrophy, but could not confirm the diagnosis. Finally, Dr. Scott opined that Mr. Napier has reached maximum medical improvement.

On March 27, 2015, the claims administrator denied a request from Dr. Lowe for authorization of a pain management referral. On April 11, 2015, Dr. Lowe noted in a progress note that Mr. Napier was evaluated for ongoing lower back pain and lumbar radiculopathy, and also obtained refills of prescriptions for the medications Lyrica and Norco. Additionally, Dr. Lowe recommended that Mr. Napier be referred to a neurologist in the hope of finding additional treatment for the diagnosis of reflex sympathetic dystrophy. On April 15, 2015, the claims administrator denied a request from Dr. Lowe for authorization of a referral to Cabell Huntington Hospital's neurology department. Additionally, on June 10, 2015, the claims administrator denied authorization for office visits with Dr. Lowe which occurred on November 18, 2014; December 2, 2014; December 18, 2014; January 6, 2015; January 20, 2015; February 3, 2015; February 26, 2015; and April 11, 2015.

Dr. Lowe was deposed on August 20, 2015. He testified that Mr. Napier has been diagnosed with reflex sympathetic dystrophy in the left leg and is currently developing

---

[2] Although it is clear that the claim was initially held compensable, the record is unclear regarding which specific diagnoses were initially held compensable.
[3] The Office of Judges added reflex sympathetic dystrophy as a compensable component of the claim on May 30, 2008.

symptoms in the left upper extremity. Dr. Lowe further testified that he requested authorization for a referral to a neurologist in the hope that the neurologist could offer a new form of treatment for Mr. Napier's reflex sympathetic dystrophy. Additionally, he testified that it was necessary for Mr. Napier to return for frequent office visits in order to manage his use of narcotic pain medication.

The Office of Judges affirmed the March 27, 2015, claims administrator's decision denying authorization for a pain clinic referral.[4] However, the Office of Judges held that Mr. Napier demonstrated that he is entitled to a one-time referral to a neurologist and, therefore, modified the April 15, 2015, claims administrator's decision to reflect that a one-time referral to Cabell Huntington Hospital's neurology department is authorized. Finally, the Office of Judges held that Mr. Napier has established that the office visits with Dr. Lowe which are in question should be authorized and, therefore, reversed the June 10, 2015, claims administrator's decision and authorized the office visits. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 20, 2016. On appeal, SWVA, Inc., asserts that a referral to a neurologist does not constitute reasonable and necessary medical treatment in relation to the compensable injury. Further, SWVA, Inc., asserts that the office visits with Dr. Lowe which are presently at issue occurred for the sole purpose of prescribing non-authorized narcotic medications and, therefore, authorization for the office visits should not be granted.

The Office of Judges noted that Mr. Napier developed compensable reflex sympathetic dystrophy in the left leg following the L5-S1 discectomy performed following the November 12, 2003, injury. Regarding the request for a neurology referral, the Office of Judges took note of Dr. Lowe's testimony that a neurology referral may be beneficial for the treatment of Mr. Napier's compensable reflex sympathetic dystrophy. Regarding the claims administrator's denial of authorization for multiple office visits with Dr. Lowe, the Office of Judges found that Dr. Lowe's treatment notes from the dates in question indicate that he was treating Mr. Napier for lower back pain of a severe nature, sensitivity, contractures, and numbness of the left leg arising from the compensable diagnosis of reflex sympathetic dystrophy. Finally, the Office of Judges took note of the employer's argument that the office visits with Dr. Lowe which are currently at issue resulted in the prescription of narcotics which are not presently authorized for treatment of the compensable injury. However, the Office of Judges found that the evidentiary record is devoid of any evidence relating to the authorization, or lack thereof, of narcotic pain medication and, therefore, declined to make a determination with respect to the prescription of narcotic pain medication during the office visits with Dr. Lowe. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[4] Once again, we note that SWVA, Inc., did not appeal the affirmation of this decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker